Commonwealth ex rel. Batch *v.* Barber et vir,
Appellants.

Argued April 18, 1947. Before RHODES, P. J., HIRT,
RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Joseph I. Lewis,* with him *Cooper, Hunter & Lewis,*
for appellants.

*Thomas E. Barton,* for appellee.

OPINION BY ARNOLD, J., July 17, 1947:
This is a habeas corpus proceeding brought by a
mother for the custody of her daughter, aged three.
The husband of the relatrix went into the military service
before the birth of this child. Just prior to his return
home and in April, 1945, the mother placed the child,

then thirteen months old, with the respondents. The older child, a boy aged five, she kept with her. In 1946 the foster parents refused to give the child back to her mother. She then brought this proceeding and the father appeared in opposition, asking that the child remain with the respondents.

The case was heard before Judge WEISS of the court below, and he painstakingly examined the evidence and awarded custody to the mother.

The respondents contended and offered evidence that the mother, prior to placing the child with the respondents, had neglected her, and that she also had been guilty of immoral conduct with men, and had drunk to excess. The hearing judge felt the mother had reformed and that the child was entitled to the benefit of the love and affection, not only of the mother but of the elder brother. In other words, that it was beneficial to this child to keep the mother and two children together. The father had manifested little interest in her.

If the mother is a fit person now, regardless of some past dereliction the child is better off with her. Her affection for the child is manifest, and the children should be brought up together. These custody orders are temporary in character, and as conditions change new orders can be made.

The respondents made no claim as to the physical condition of the relatrix's home to which the child would go. They only claimed that the mother was unfit. But in order to be confident that the physical conditions of the home *were* good, the court had its officers investigate *it,* and so stated in his opinion. He cannot be convicted of error because, out of an abundance of caution, he wanted to be sure that the respondents were right in not raising that question.

We think the court correctly and wisely decided the issue.

The order of the court is affirmed at the appellants' cost.